PEOPLE, PLAINTIFF AND APPELLEE, *v.* BERNARD, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Guayama in a Prosecution
for Slander.

No. 2174.—Decided February 29, 1924.

SLANDER—TALE OR REPORT.—In this case the defendant at a public meeting
uttered the following words: ''When a capitalist robs he is called a great
financier. Just now a deal has been consummated in San Juan at a public
tender of bids for the construction of an aqueduct in the city, awarding
the contract to Mr. Giorgetti as the representative of a limited liability
association, in which half a million dollars were manipulated. What for?
To replace the $100,000 expended by the Unionists to send a delegation to
the United States.'' *Held:* That although such language does not charge
the commission of a crime, this case is distinguished from that of *People*
*v. García,* 21 P. R. R. 157, because the words quoted constitute a tale or
report tending strongly to discredit the person of whom the words were
uttered.

The facts are stated in the opinion.

*Mr. B. Pagán* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

We are inclined to agree with the appellant that the
following complaint does not show that the words ascribed
to said appellant imputed the commission of a crime:

''That between the hours of 6 and 9 p. m. of January 5th, 1923,
at a place known as Coquí de Salinas of the Aguirre ward of the
municipal judicial district of Salinas, which forms part of the judicial
district of Guayama, P. R., during the course of a meeting favoring
a strike of agricultural laborers, the said defendant Miguel Bernard
Silva, while addressing the meeting, illegally, wilfully and ma-
liciously, among other things, said: 'When a capitalist robs he is
called a great financier. Just now a deal has been consummated in
San Juan at a public tender of bids for the construction of an
aqueduct in the said city awarding the contract to Mr. Giorgetti as
the representative of a limited liability association, in which half a
million ($500,000) dollars were manipulated. What for? To replace
the $100,000 expended by the Unionists to send a delegation to the
United States.' That all these utterances made in public before
an assembly of more than one hundred persons, in obloquy, contempt

and contumely of Mr. Giorgetti and the Municipalhy of San Juan, were with the malicious intent of holding the said Mr. Giorgetti and the members of the Municipal Council of San Juan up to public ridicule.''

While the word ''robbery'' is used, yet, in its connection, the words merely tend to show some improper handling of bids or funds with the resultant detriment to the public. There are no facts alleged which would bring the alleged acts of Mr. Giorgetti within the sanction of the penal laws of Porto Rico.

Nevertheless, the law of slander covers not only crimes, but also tales or reports maliciously and publicly made tending to injure the honor, reputation or worthiness of a natural person or body corporate. Section 2 of an Act to Define and Punish Slander, approved March 9, 1911. In *People* v. *Garcia,* 21 P. R. R., 157, the judgment was reversed because the words uttered did not constitute a tale or report, but the contrary is true in the present complaint. The tale or report is that Mr. Giorgetti obtained a bid by improper means. We say ''improper means'' because the words ''when a bourgeois robs he is called a great financier'' are to be connected with ''he manipulated (*se manejó*)'' with the necessary result that any hearer would conclude that something improper was done. And when the purpose, as alleged, is to favor or pay the expenses of a commission of the majority party in Porto Rico, the whole exposition is a tale or report tending strongly to discredit Mr. Giorgetti, the person of whom the words were uttered.

Mr. Giorgetti, the supposed injured person, was called as a witness for the Government. He did not appear. The appellant assigns error in that the court did not use every means to secure the said witness. The remedy, however, in any case is a motion for a continuance to enable the defense to secure the witness. This motion, to a certain extent, the defendant made.

The failure to continue under the foregoing circumstances is assigned as error. The way to secure a continuance is outlined in *People* v. *Román,* 18 P. R. R. 217, and *Dyer* v. *Rossy,* 23 P. R. R. 718. The appellant made no application or affidavit showing the importance or necessity of this witness.

The trial showed that the words were uttered as charged. The defense was an *alibi* which the court did not believe, a finding we see no reason to disturb. This disposes of the remaining two assignments of error.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.